## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

– – – – – – – – – – – – – – – – – – – – – – – – – – – –X

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| HUCKLEBERRY PARTNERS, LLC, | : Case No. 6:22-bk-02159-GER |
| | : |
| Debtor. | : Related Doc No. 77 |

– – – – – – – – – – – – – – – – – – – – – – – – – – – –X

### EMERALD CREEK CAPITAL 3, LLC'S OPPOSITION TO DEBTOR'S OBJECTION TO ALLOWANCE OF CLAIM NO. 3 FILED BY EMERALD CREEK CAPITAL 3, LLC

Emerald Creek Capital 3, LLC, by and through its undersigned counsel, respectfully states as follows in opposition to the *Objection to Allowance of Claim No. 3 filed by Emerald Creek Capital 3, LLC* [Doc 77] (the "Claim Objection"). Emerald Creek Capital 3, LLC is the administrative agent and lender ("Lender") under a secured loan agreement (the "Loan Agreement")[1] with the above-captioned Debtor, as borrower, and is the holder of the secured claim under Proof of Claim number 3 initially filed August 2, 2022 and amended September 22, 2022 on Debtor's Claims Register (as amended, the "Claim"),[2] for no less than $4,333,115.63 as of the October 6, 2022 anticipated payoff date secured by a first mortgage upon the property subject to the *Motion for Entry of an Order (A) Authorizing Debtor to Assume Commercial Contract and (B) Approving Sale of Property Free and Clear of Liens, Claims, and Interests Pursuant to 11 U.S.C. § 363* [Doc 14] (the "Sale Motion").

---

[1] Capitalized terms not otherwise defined herein have the same meaning ascribed in the Loan Agreement, which is subject to confidentiality but is within Debtor's possession and available for in camera review by the Court.

[2] The Claim and all statements and documents included therewith is incorporated herein by reference.

Debtor's counsel previously represented that Lender's Claim would be satisfied from proceeds of the sale under the Sale Motion on before August 15, 2022. Thus, Lender initially filed the Claim on August 2, 2022 with August 15, 2022 payoff and default interest accruing from what was understood to be the loan Maturity Date. Subsequently, Debtor filed the Claim Objection, which, among other things, concedes that the loan Maturity Date was no later than June 30, 2022, and Debtor announced that payoff could be no earlier than the October 6, 2022 Plan Confirmation Hearing. Accordingly, Lender filed the amended Claim no later than the September 22, 2022 claims bar date, which amendment, in sum, only amended the Claim to accrue Default Interest from the recently conceded June 30, 2022 Maturity Date through the updated October 6, 2022 anticipated payoff date.

Debtor has no grounds to dispute the legal fees, late fees or Default Interest sought in the Claim, all of which Lender is entitled to pursuant to the Loan Agreement, which is governed by New York law, and applicable bankruptcy law. Debtor has no grounds to claim that the automatic stay or the cash collateral orders [Doc 36,70] (the "Cash Collateral Orders") were violated by virtue of Lender (an oversecured creditor) filing proofs of claim seeking Default Interest (at the contractual rate provided under the Loan Agreement) accrued from after the undisputed June 30, 2022 loan Maturity Date.

An Event of Default occurred under the Loan Agreement when the loan balance was unpaid after the June 30, 2022 Maturity Date and Lender is contractually entitled to interest accruing at the contractual Default Rate from that point by operation of the terms of the Loan Agreement without Lender taking or being required to take any action that could violate the stay or require stay relief.

See section 2.2.3 of the Loan Agreement: "In the event that, and for so long as, any Event of Default shall have occurred and be continuing, the outstanding principal balance of the Loan shall accrue interest at the Default Rate, calculated from the date the Default occurred which led to such Event of Default without regard to any grace or cure periods contained herein." See also section 7.1(a)(i) of the Loan Agreement: "Each of the following events shall constitute an event of default hereunder (an "Event of Default"): (i) if any portion of the Debt is not paid on or before the date the same is due and payable." Pursuant to section 2.3.2 of the Loan Agreement, all amounts were due and payable on the Maturity Date. It is undisputed that all amounts were not paid following the undisputed June 30, 2022 Maturity Date.

It is also undisputed that Lender is at all times relevant an oversecured creditor holding a first mortgage lien for less than $4.4 million on property selling for more than $6.2 million under the Sale Motion. Bankruptcy Courts and Bankruptcy Code section 506(b) recognize that, to the extent a secured creditor is oversecured, it is entitled to post-petition interest at the contractual default rate as well as any other reasonable fees, costs, or charges provided for under the loan agreement. "There is nevertheless *a rebuttable presumption that the oversecured creditor is entitled to default interest at the contract rate* subject to adjustment based on equitable considerations." *In re 785 Partners LLC*, 470 B.R. 126 134 (Bankr. S.D.N.Y. 2012) (citing *In re Terry Ltd. P'ship*, 27 F.3d 241, 243 (7th Cir.1994), *cert. denied sub nom., Invex Holdings, N.V. v. Equitable Life Ins. Co. of Iowa*, 513 U.S. 948, 115 S.Ct. 360, 130 L.Ed.2d 313 (1994)) (emphasis added). There are no such considerations for adjustment present here given how oversecured Lender's Claim is. None of the three cases cited in Debtor's Claim Objection speak to this issue.

Furthermore, Lender's Claim do not violate and are not inconsistent with the Cash Collateral Orders which expired on September 21, 2022 or earlier and which were expressly

"without prejudice to: (a) any subsequent request by a party-in-interest for adequate protection or restrictions on use of Cash Collateral; or (b) any other right or remedy which may be available." The Cash Collateral Orders do, however, expressly provide that "[t]he Debtor shall maintain insurance coverage for its property and operations in accordance with their obligations as debtors-in-possession and as required under the loan and security documents with the Secured Creditors [and] Proof of such coverage shall be provided upon request." For some time, Lender has been requesting such proof of insurance coverage renewal which was not provided.

This response is filed September 23, 2022 pursuant to Debtor's consent for extension of time to responding pending efforts to resolve the Claim Objection. Lender reserves the right to amend or supplement this response.

Dated: September 23, 2022

BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Tel. (305) 755-9500
Fax (305) 714-4340

By: *Jordi Guso*
       Jordi Guso
       Florida Bar No. 863580
       jguso@bergersingerman.com

- and -

ROSENBERG & ESTIS, P.C.

By: */s/ John D. Giampolo*
       John D. Giampolo
       733 Third Avenue
       New York, New York 10017
       Tel: (212) 551-1273
       Email: jgiampolo@rosenbergestis.com

*Counsel for Emerald Creek Capital 3, LLC*

**Pursuant to Local Rule 1001-2(g)(3) regarding signatures, Jordi Guso attests that concurrence in the filing of this paper has been obtained.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on the 23rd day of September, 2022, by electronic transmission through the Court's CM/ECF system upon all parties on the attached CM/ECF Service List.

By: *Jordi Guso*
Jordi Guso

## CM/ECF SERVICE LIST

- **Jeffrey Ainsworth**    jeff@bransonlaw.com, shelly@bransonlaw.com;tammy@bransonlaw.com;amanda@bransonlaw.com;bob@bransonlaw.com;robert@bransonlaw.com;lisa@bransonlaw.com;tammy@ecf.courtdrive.com; deanna@bransonlaw.com
- **Audrey M Aleskovsky**    Audrey.M.Aleskovsky@usdoj.gov
- **Bart A Houston**    bhouston@thehoustonfirm.com, dschena@thehoustonfirm.com
- **Justin M Luna**    jluna@lathamluna.com, bknotice1@lathamluna.com
- **Joseph A Pack**    joe@packlaw.com
- **Benjamin R Taylor**    btaylor@lathamluna.com, bknotice1@lathamluna.com
- **United States Trustee - ORL**    USTP.Region21.OR.E