**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

| | |
|---|---|
| **HUCKLEBERRY PARTNERS, LLC** | Case No.:  6:22-bk-02159-GER |
| | Chapter 11 |
| Debtor. | |
| _____/ | |

**MOTION FOR AUTHORITY TO CONFER STANDING ON ADAM**
**KANTER TO PURSUE CASES OF ACTION AND OBJECT TO CLAIMS**

**Adam Kanter**, as Creditor and Member **("Kanter")** seeks authority from the Court to pursue Causes of Action and to object to claims in connection with the Debtor's Plan of Liquidation.

**I.   BACKGROUND**

1.   On June 17, 2022 (the "**Petition Date**") Huckleberry Partners, LLC (the "**Debtor**") filed its Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code.[1]

2.   The Debtor operates a commercial shopping center known as Waterford Commons, located at 12789 Waterford Lakes Parkway, Orlando, Florida.  The Shopping Center is the Debtor's sole asset.

**The Debtor – Organization and Capital Structure**

3.   Huckleberry Partners, LLC was organized in 2005 by Kanter and Henry James Herborn III ("**Herborn**") for the acquisition of land in Orange County, Florida and the construction of Waterford Commons.

4.   Herborn was unable to contribute capital towards the purchase of the land or pre-development expenses of Waterford Commons.

5.   Kanter and Herborn agreed to the following terms:

---

[1] ECF No. 1.

  a) Kanter would provide 100% of the capital needed to purchase the land and to cover the pre-development expenses necessary to obtain a construction loan;

  b) Herborn would be given a 15% interest for finding the property and for other services to be provided in the development, leasing and operation of Waterford Commons;

  c) Kanter would be paid back his total investment before any profits would be paid to members; and

  d) Herborn would have the right to new contribute capital during the pre-development period to purchase an additional 15% interest in Huckleberry Partners.

6. Based on the terms of this agreement, the capital structure of Huckleberry Partners was as follows:

| | |
|---|---|
| Adam Kanter and Stephanie Kanter as tenants by the entirety | 100% of the capital interest and 85% of the operating profits, if any |
| H. James Herborn, III | 15% of the operating profits, if any |

7. Every tax return and K-1 issued from 2005 – 2015 reflected this structure.

8. By the time Kanter had obtained a construction loan to build Waterford Commons, he had invested over $850,000.00 in Huckleberry Partners for pre-development costs.

9. Herborn did not exercise his option to purchase the additional 15% interest.

**Kanter Dissolution Action**

10. In April 2015, Kanter filed his Petition for Dissolution in order to dissolve his marriage to Stephanie Kanter ("**Stephanie**"). Soon after the Dissolution Action was filed, management of the Waterford Commons shopping center was taken over by Stephanie and Herborn. Since that time, Herborn has used the Debtor's revenue to fund his personal lifestyle and litigation against Kanter and to keep control of Waterford Commons.

11. On October 17, 2019, after a four (4) year divorce case, the Family Court entered its Final Judgment of Dissolution of Marriage (the "**Dissolution Judgment**"). The Dissolution Judgment clearly and unambiguously found that Kanter and Stephanie held their membership interest in Huckleberry Partners as tenants by the entireties (TBE) during their marriage and awarded Kanter the sole ownership of the marital interest in Huckleberry Partners.

### Kanter's 2019 Bankruptcy Filing

12. On November 19, 2019, Kanter filed his voluntary petition under Chapter 11 of the U.S. Bankruptcy Code. The proposed plan in the Kanter bankruptcy case was to sell one or more of his real estate interests awarded to Kanter by the Dissolution Judgment and pay his creditors in full. The majority of debts in the bankruptcy case arose over the course of his Dissolution Proceedings and approximated $950,000 for professional fees and other related expenses. However, at the time of filing, Kanter could not have anticipated the looming pandemic (March 2020) and the calamity it caused in the real estate market. Unable to sell his real estate ownership interests, Kanter sought and obtained voluntary dismissal of his bankruptcy case. The bankruptcy case was dismissed on September 25, 2020.

### The Orange County Litigation

13. In February 2016, Herborn and Stephanie individually (direct claims) and as members of Huckleberry Partners (derivative claims) filed a Complaint against Kanter in the Orange County State Court (the "**Orange County Litigation**"). The Complaint also named Huckleberry Partners as a plaintiff for damages relating to the management of the property and for an equitable accounting and injunctive relief. The Complaint did not include demand for jury trial.

14. After several amendments, Herborn as sole Plaintiff filed the Fourth Amended Complaint ("**FAC**") which asserted direct and derivative claims against Kanter and others. The FAC alleges that the ownership structure of Huckleberry Partners is comprised as follows: [2]

| Adam Kanter | 35% |
| Stephanie Kanter | 35% |
| H. James Herborn III | 30% |

15. The essential allegations throughout the various iterations of the complaint are that (i) M/M Kanter received distributions of profits from the Debtor without paying Herborn his share; (ii) M/M Kanter breached fiduciary duties to the Debtor by paying themselves profits; (iii) M/M Kanter converted funds that belonged to the Debtor.

16. On June 22, 2021, the State Court entered its Order on Motions for Summary Judgment. In the Summary Judgment Order, the Court found that (i) Herborn held a 30% membership interest in the Debtor; and (ii) Kanter was dissociated in November 2019 by the filing of this Bankruptcy Case. Thus, by virtue of this Order, Herborn claims to own 30% of the Debtor and to be the 100% voting member. Kanter has asserted that the Summary Judgment Order, which remains interlocutory, is incorrect in both respects.

17. On June 17, 2022, the Orange County Case was removed to this Court.

18. On August 17, 2022, the Debtor filed its Plan of Liquidation which indicated that the Shopping Center would be sold and sale proceeds distributed in accordance with the Plan and further orders of this Court.[3]

---

[2] In the Case Management Summary, this same structure is asserted by the Debtor. Thus, Herborn (Huckleberry) ignores the import of the Dissolution Judgment that determined that the marital interest in Huckleberry Partners was held as TBE during the entirety of the marriage and then awarded solely to Kanter upon the dissolution.

[3] ECF No. 76

19. On September 15, 2022, the Debtor consummated the sale of the Shopping Center to Amarc Properties, II, LLC pursuant to an order of this Court. The gross proceeds of sale are held in an account pending further orders of this Court.

## II. DERIVATIVE STANDING.

### A. Legal Authority.

The bankruptcy court may confer authority upon a creditor under certain conditions. Generally, those conditions include that the creditor (1) petitioned the trustee to bring the claims and the trustee refused; (2) its claims are colorable; (3) it sought permission from the bankruptcy court to initiate an adversary proceeding; and (4) the trustee unjustifiably refused to pursue the claims. *Vill. of Overland Pointe, LLC v. Terra Bentley II, LLC (In re Bentley II, LLC),* Nos. 09-23107-11, 10-6025, 2011 Bankr. LEXIS 806, at *1 (Bankr. D. Kan. Mar. 2, 2011). See also, *Hyundai Translead, Inc. v. Jackson Truck & Trailer Repair, Inc. (In re Trailer Source, Inc.)*, 555 F.3d 231, 245 (6th Cir. 2009) ("we reaffirm the continued vitality after *Hartford Underwriters* of granting derivative standing to creditors to pursue avoidance actions on behalf of the estate and hold that this practice is available in both Chapter 11 and Chapter 7 proceedings"); *PW Enters., Inc. v. N.D. Racing Comm'n (In re Racing Servs., Inc.)*, 540 F.3d 892, 898, 898 n.7 (8th Cir. 2008) ("derivative standing is available to a creditor to pursue avoidance actions when it shows that a Chapter 7 trustee (or debtor-in-possession in the case of Chapter 11) is 'unable or unwilling' to do so"; noting in a footnote that "We agree with the Third Circuit that the Supreme Court's decision in *Hartford Underwriters Ins. Co.* . . . does not foreclose derivative standing under the Bankruptcy Code"); *Smart World Techs., LLC v. Juno Online Servs., Inc. (In re Smart World Techs., LLC)*, 423 F.3d 166, 177-78, 181-82 (2d Cir. 2005).

B.   **Request by Creditor for Pursuit of Causes of Action**

Throughout the Orange County Litigation, Mr. Herborn has used the limited resources of the Debtor to enrich himself and to pay his personal counsel to wrest and maintain control for the majority equity holder. During the recent course of the Orange County Case, Herborn and his counsel have been sanctioned by the Circuit Court, have unduly delayed the trial and have committed several discovery violations.  All with the effect of looting the Debtor' assets for personal gain.

The Plan appoints H. James Herborn, III as the "Liquidating Debtor's sole representative with authority to pursue the causes of action on behalf of the estate…"[4] Mr Herborn is woefully conflicted in this role and is not suitable to decide which Causes of Action to pursue and which Proof of Claims to file objections. In fact, Mr. Herborn may have liability to the Debtor for his unauthorized payments to himself and his prior personal counsel. Mr. Herborn was individually represented by the law firms of Seiler, Sautter, Zaden, Rimes & Wahlbrink and Bloodworth Law, PLLC.  Both of these law firms (i) represented Herborn personally (ii) were paid by the Debtor; and (iii) have filed claims seeking in excess of $150,000.  Clearly, Mr. Herborn will NOT sue himself for his self-dealing and will NOT sue his personal lawyers.[5] Moreover, Mr. Herborn has scheduled himself as a creditor for $1,500,000 without any explanation as to how he became a creditor for that amount. Herborn has characterized his own claim as liquidated, undisputed and non-contingent.[6]

---

[4] Plan of Liquidation, Pg. 18, Section VI. 3.
[5] Herborn has disclosed in his Schedules that he paid himself more than $97,000 from the Debtor.
[6] Not surprisingly, Herborn scheduled the claims of his personal lawyers as liquidated, undisputed and non-contingent as well.

On September 9, 2022, Counsel for Kanter sent correspondence to Debtor's counsel concerning the Causes of Action and objections to claims. Since that date, no amendment to the Plan has been proposed and the Liquidating Agent remains as Mr. Herborn. The conflict is clear and unequivocal. Herborn cannot serve the role assigned to him in the Plan.

The Causes of Action described in the September 9th Letter are clear and based in fact. There can be no dispute that the two law firms (Seiler, Sautter, Zaden, Rimes & Wahlbrink and Bloodworth Law, PLLC) represented Herborn individually. There can be no dispute that the Debtor's funds were used to pay the two law firms. The DSK claim is less certain as informal discovery requests are outstanding. Equally clear, there is no support for Herborn's scheduled claim of $1,500,000. These matters must be pursued, and it is clear that neither the Debtor or its counsel intends to do so in this case. Kanter is the ultimate and majority beneficiary of these claims and thus he should be granted the authority to pursue them at his cost and with his discretion.

### III. **CONCLUSION**.

James Herborn is clearly conflicted from pursuit of colorable claims that may be pursued by the estate. The ultimate benefit will accrue to Adam Kanter and he is ready, willing and able to bear the cost of the pursuit of the claims.

Adam Kanter requests that this Court grant derivative standing and authority to pursue the Causes of Action and Objections to Claims and any other relief deemed appropriate.

**Dated: September 29, 2022**

          **THE HOUSTON FIRM**
*Counsel for Creditor and Member*
*Adam Kanter*
633 S.E. Third Avenue, Suite 4R
Fort Lauderdale, Florida 33301
Telephone: (954) 900-2615
Facsimile: (954) 839-9068
Primary Email: bhouston@thehoustonfirm.com
Secondary E-mail: dschena@thehoustonfirm.com

By:   /s/ Bart A. Houston, Esq.
       Bart A. Houston, Esq.
       Florida Bar No. 623636

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 29, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. The foregoing document is being served this day by the CM/ECF Noticing System on all counsel of record or parties of record who are on the CM/ECF Noticing System and all parties in the Certificate of Service.

By:   /s/ Bart A. Houston, Esq.
       Bart A. Houston, Esq.
       Florida Bar No. 623636