UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

Huckleberry Partners, LLC,	Case No.:  6:22-bk-02159-GER
	Chapter 11

    Debtor.
_____/

## UNITED STATES TRUSTEE'S
## MOTION TO DISMISS OR CONVERT CONFIRMED CASE TO CHAPTER 7

Mary Ida Townson, United States Trustee for Region 21 ("UST"), by and through her undersigned counsel, moves this Court to dismiss or convert to Chapter 7 this confirmed case, pursuant to 11 U.S.C. § 1112(b) for cause, including failure to comply with the requirements set forth in the Bankruptcy Code, the Bankruptcy Rules, and Orders of this Court.  The Debtor has failed to file required financial reports and/or failed to accurately report its disbursement data and failed to pay its quarterly fees of at least $37,312.86 to the United States Trustee.

In support, the UST states:

### STANDING

1.	The UST has standing to file motions to dismiss or convert chapter 11 cases under 11 U.S.C. §§ 307 and 1112(b)(1), as well as 28 U.S.C. § 586.  *See also* Collier on Bankruptcy ¶ 1112.04[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

### BACKGROUND

2.	On June 17, 2022, Huckleberry Partners, LLC ("Debtor") filed a voluntary chapter 11 petition, thereby initiating the instant case.

3. On June 21, 2022, the Court entered an Order Authorizing Debtor-in-Possession to Operate Business (Doc. No. 3; "Operating Order"), wherein the Court imposed certain obligations on the Debtor, including:

> <u>Monthly Operating Reports and Quarterly Payments to United States Trustee.</u> By the 21st day of the month succeeding the reporting period, Debtor shall file the monthly Debtor−in−Possession Monthly Operating Report in the format required by the United States Trustee. . . . In addition, Debtor, . . . shall timely remit to the United States Trustee the quarterly fees required by 28 U.S.C. § 1930(a)(6).

(Doc. No. 3 at 2.) *See also* 11 U.S.C. § 1106(a)(7) and Bankruptcy Rule 2015(a)(5).

4. The Operating Order states "Debtor's failure to comply with any of the provisions of this Order shall constitute cause for the dismissal or conversion of this case." (*Id.*)

5. On August 5, 2022, the Court entered Order (a) Authorizing Debtor to Assume Commercial Contract and (b) Approving Sale of Property Fee and Clear of Liens, Claims, and Interests Pursuant to 11 U.S.C. Section 363 (Doc. No. 67; "Sale Order"). Pursuant to the Sale Order:

> The proceeds of the Sale of the Real Property shall be distributed, in part, to pay all pro-rata 2022 real estate taxes and closing costs set forth in the Commercial Contract and customary for a closing. All other funds shall be held in escrow in the trust account of Latham, Luna, Eden & Beaudine, LLP (the "Trust Account") pending further order of this Court (the "Net Proceeds").

(Sale Order at 7.)

6. On August 17, 2022, the Debtor filed a Chapter 11 Plan of Reorganization (Doc. No. 76) which was later modified on September 29, 2022 (Doc. No. 101; the "<u>Plan</u>"). On August 23, 2022, the Debtor filed a Disclosure Statement (Doc. No. 80) and on September 29, 2022, the Debtor filed a supplemental Disclosure Statement (Doc. No. 100). On October 18, 2022, the Court entered an order confirming the Plan (Doc. No. 124; the "<u>Confirmation Order</u>").

7. Paragraph 8 of the Confirmation Order provides as follows:

> The Debtor shall continue to pay fees assessed pursuant to 28 U.S.C. § 1930(a)(6) until such time as this Bankruptcy Court enters a Final Decree closing this Chapter 11 case or enters an order either converting this case to a case under Chapter 7 or dismissing this case, pursuant to 11 U.S.C. § 1106(a)(7) and Bankruptcy Rule 2015(a)(5). Additionally, the Debtor shall file with the Bankruptcy Court post-confirmation financial reports or statements of disbursements for each quarter (or portion thereof) that this Chapter 11 case remains open, in a format prescribed by the United States Trustee until this case is closed, converted, or dismissed.

(Confirmation Order at 4.) *See also* 28 U.S.C. § 1930(a)(6) (requiring that the Debtor pay a quarterly fee to the United States Trustee until the case is converted or dismissed).

8. On September 16, 2022, the Debtor filed a Notice of Closing of Sale of Property (Doc. No. 90), which reflected a sale price of $6,275,000.00 and Debtor's closing expenses of $252,673.25, resulting in net proceeds held in the Trust Account of $5,824,467.61. (Doc. No. 90 at 4.)

9. On March 7, 2023, the Debtor filed a Post-Confirmation Status Report (Doc. No. 194) reflecting that it had made distributions to the Orange County Tax Collector (Class 1) and Emerald Creek Capital 3, LLC (Class 2).[1] The specific disbursement amounts were not provided.

10. Despite the requirements, the Debtor filed an incomplete Monthly Operating Report for September 2022 (Doc. No. 114)[2] and failed to file a Monthly Operating Report for October 1-18, 2022. Moreover, the Debtor is delinquent in filing post-confirmation quarterly disbursement information for the periods of (i) October 18, 2022 through December 31, 2022, which was due on January 21, 2023; and (ii) January 1, 2023 through March 31, 2023, which was due on April 21, 2023.

---

[1] Proof of Claim 3 filed by Emerald Creek Capital 3, LLC reflects a claim amount of $4,333,115.63.

[2] This report failed to include all disbursements made as indicated on the Closing Statement filed at Docket Entry 90.

11.     Despite the requirements set forth in the Confirmation Order and in 28 U.S.C. § 1930(a)(6), to date, the Debtor owes at least $37,312.86 for quarterly fees.[3] Because the Debtor is not current on filing the required quarterly reports and has filed inaccurate/incomplete report(s) for at least September 2022, it is impossible to determine the exact amount of fees owed; only after the Debtor becomes current on filing the reports and the necessary amendments will the UST be able to determine the exact amount of fees incurred under 28 U.S.C. § 1930(a)(6).

## ANALYSIS

12.     Pursuant to 11 U.S.C. § 1112(b), where "cause" is shown on the motion of a party in interest, the bankruptcy court shall dismiss or convert a chapter 11 case, whichever is in the best interests of creditors.  11 U.S.C. § 1112(b).

13.     As set forth above, this case demonstrates the following examples of "cause," as contemplated by 11 U.S.C. § 1112(b)(4), which warrant dismissal or conversion of this case: failure to comply with an order of the court (§ 1112(b)(4)(E)); unexcused failure to satisfy timely any filing or reporting requirement (§ 1112(b)(4)(F)); failure to pay any fees or charges required under Chapter 123 of Title 28 (§ 1112(b)(4)(K); and failure to establish any unusual circumstances or other reason why the case should not be dismissed or converted (§ 1112(b)(2)).

---

[3] This estimation is based on:

| | |
|---|---:|
| 3RD QUARTER MOR DISBURSEMENTS | $ 40,471.00 |
| CLOSING EXPENSES PER (CLOSING STATEMENT PAGE 2) | 252,673.25 |
| ORANGE COUNTY TAX COLLECTOR  (CLOSING STATEMENT PAGE 1) | 37,847.43 |
| EMERALD CREEK CAPITAL 3 LLC  (PER CLAIM #3) | 4,333,115.63 |
| TOTAL DISBURSEMENTS 3RD QUARTER 2022 | $ 4,664,107.31 |
| | 0.08% |
| UST FEES DUE | $ 37,312.86 |

14. First, the Debtor has failed to pay quarterly fees due to the UST. As of the date of this Motion, the Debtor owes at least $37,312.86 in unpaid fees. The Debtor has not paid its fees despite explicit language in the Operating Order, the Confirmation Order, and 28 U.S.C. § 1930(a)(6). Failure to timely pay quarterly fees is grounds for dismissal or conversion of this confirmed case pursuant to 11 U.S.C. § 1112(b)(4)(E) and (K).

15. Second, the Debtor has failed to file several required reports and/or accurately report its disbursement information as required by the Operating Order, the Confirmation Order, 11 U.S.C. § 1106(a)(7), and Bankruptcy Rule 2015(a)(5). These reports are essential to determine if the Debtor is in compliance with the Confirmation Order and the Plan and to determine the amount of quarterly fees due and owing to the UST pursuant to 28 U.S.C. § 1930(a)(6). As of the date of this Motion, the Debtor is delinquent in filing (i) an accurate/complete monthly operating report for September 2022; (ii) the monthly operating report for October 1 through October 18, 2022; (ii) the post-confirmation quarterly report for the period of October 18, 2022 through December 31, 2022; and (iii) the post-confirmation report the first quarter of 2023. The failure to timely comply with an Order of the Court is grounds for dismissal or conversion of this confirmed case pursuant to 11 U.S.C. § 1112(b)(4)(E). Further, the unexcused failure to timely file post-confirmation reports serves as cause for dismissal or conversion of this confirmed case pursuant to 11 U.S.C. §§ 1112(b)(4)(F).

16. Third, the Debtor has failed to cooperate with reasonable requests by the UST to provide proof of funds in the Trust Account and report transactions therefrom. While the Latham firm has produced a self-created letter indicating Trust Account balances of $1,443,209.95 and $433,773.74 as of April 26, 2023, the UST has been unable to obtain any transaction details for amounts disbursed from the Trust Account since it became the custodian of the sale proceeds in

September 2022.[4]  Any disbursements from such proceeds would be required to be incorporated in the applicable report and filed with the Court.

## CONCLUSION

17.　For the foregoing reasons, this case should be dismissed or converted to Chapter 7.

18.　The undersigned estimates that a hearing on this Motion will require ten minutes.

## RESERVATION OF RIGHTS

19.　The UST reserves the right to raise additional grounds constituting cause for dismissal or conversion at any hearing on this motion.

WHEREFORE, the UST respectfully requests that the Court enter an order granting this motion, dismissing or converting this case, and providing for such other and further relief as the Court deems appropriate.

DATED:　May 5, 2023.

Respectfully submitted,

Mary Ida Townson
United States Trustee for Region 21

　/s/ Audrey May Aleskovsky
Audrey May Aleskovsky, Trial Attorney
United States Department of Justice
Office of the United States Trustee
Florida Bar No.: 103236
George C. Young Federal Building and Courthouse
400 W. Washington Street, Suite 1100
Orlando, FL 32801
Telephone No.: (407) 648-6301, Ext. 130
Facsimile No.: (407) 648-6323
Audrey.M.Aleskovsky@usdoj.gov

---

[4] By way of example, the undersigned is aware of possible post-confirmation payments made for legal services performed by the law firm of Nardella & Nardella as counsel for Mark Healy, Liquidating Agent in this case.

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing motion has been served electronically through CM/ECF on May 5, 2023, to all parties having appeared electronically in the instant matter. **I HEREBY CERTIFY** further that a copy hereof shall be served by U.S. Mail, postage prepaid, on May 5, 2023 to the following:

Huckleberry Partners LLC
3801 Avalon Park East Boulevard, Suite 200
Orlando, FL 32828

                                                 */s/ Audrey May Aleskovsky*
                                        Audrey May Aleskovsky, Trial Attorney